UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x    10 Civ 4077 (ARR)(VVP)
**SIK GAEK, INC.,**

      Plaintiff,    **AFFIDAVIT OF**
    **DANIEL KIM**
   -against-

**YOGI'S II, INC., and DANIEL KIM,**

      Defendants.
----------------------------------------------------------------x

STATE OF NEW YORK    )
    )
COUNTY OF NEW YORK    )

    **DANIEL KIM**, being duly sworn, deposes and says:

    1. I am one of the defendants in this action. This affidavit is submitted in support of my motion for an Order, pursuant to FRCP 55 (c), setting aside the entry of my default on November 22, 2010. I am fully familiar with the facts contained herein.

    2. On or about October 14, 2010, my wife received a copy of the Summons and Complaint at our home and she either gave it to me that night or, certainly, within a day or two. After reviewing it, I tried to contact the owner of Yogi's II, Inc. to find out more about the facts which are alleged herein. I then set out to find a New York attorney who can handle a matter such as this. Since I was focusing on the false allegations of the Complaint – at least as to me– I simply did not notice that I needed to retain an attorney with enough time so that he or she could respond within 21 days. In any event, I did proceed to look for an attorney with due speed and eventually contacted and retained my current attorney on November 19, 2010.

4. I understand that the Plaintiff is alleging that it had a license agreement with a company called Yogi's II, Inc. and is contending that I am personally responsible for a claimed violation of that agreement on the grounds that I am a shareholder of the company. I am not, however, a shareholder of Yogi's, II, Inc. I have never been shareholder of Yogi's II, Inc. I have obtained from the company portions of its 2008 tax return. While I have redacted the 2 excerpted pages for purposes of privacy – as the extraneous information is irrelevant – it clearly demonstrates that the sole shareholder is an individual named Steve Ryu (Return annexed hereto as Exhibit A).

5. There was time in the fall of 2007 when I had discussions with the owner of Yogi's II, Inc. about buying into the business as a partner. During that period, I met with Mr. Park, and I can see how he might presume we were partners at that time. That partnership was never concluded.

6. I believe the fact that Plaintiff has curiously chosen to name me as a defendant -- and not even the individual who signed the signed the various agreements on behalf of Yogi's II -- reflects a strategy which may have less to do with this case than another case in which I am involved. I am currently suing, in an unrelated New Jersey action, two people on an unpaid loan. They are also represented by Plaintiff's counsel.

7. Without distracting the Court from the essential fact on this motion as to my defense, it seems clear from the documents offered by Plaintiff, as well as the fact this case is suddenly commenced over two years after the alleged breach of the purported license agreement, that

the Plaintiff is being less than candid about the history of the name and its relationship with Yogi's II.

7. In any event, I am advised that since I am not a shareholder of Yogi's – and that is the entire factual basis of the Complaint – the claims against me personally should be dismissed.

*DANIEL KIM*

Sworn to before me this
___ day of December 2010

_____
NOTARY PUBLIC

BRIAN M. LEVY
Notary Public, State of New York
No. 02LE4921964
Qualified in Nassau County
Commission Expires February 8, 20__