UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SIK GAEK, INC.,

                        Plaintiff,

          - v -

YOGI'S II, INC., and DANIEL KIM,

                        Defendants.
----------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV-10-4077 (ARR)(VVP)

POHORELSKY, Magistrate Judge:

      Judge Allyne Ross has referred two motions to me for reports and recommendations. The plaintiff has moved for the entry of a default judgment against both defendants, as to whom entries of default have now been made by the clerk of the court. The defendant Daniel Kim has moved to set aside the entry of default as to him. For the reasons below, I recommend that the plaintiff's motion be denied and that the defendant Daniel Kim's motion be granted.

## BACKGROUND

      The claims in this action involve a trademark known as "Sik Gaek" used in connection with a restaurant business. The mark was alleged in the complaint to be the subject of a license agreement between the plaintiff and the defendant Yogi's II, Inc. The plaintiff alleges that Yogi's II breached the license agreement and that both defendants have engaged in conduct that gives rise to claims of infringement and unfair competition in violation of the Lanham Act, as well as common law claims for conversion and unjust enrichment. The plaintiff initially served the complaint erroneously on a lawyer who shares the same name as the defendant Daniel Kim, but who is otherwise entirely unrelated to the

defendant and had no involvement in any of the matters alleged in the complaint. Subsequently, the plaintiff served the complaint on both Yogi's II and Daniel Kim at Daniel Kim's home address in New Jersey, and Kim acknowledges receipt on or about October 14, 2010. When neither he nor Yogi's II responded to the complaint within 21 days as required by the summons, the plaintiff filed its motion for entry of default and for default judgment on November 14, 2010. On November 19, 2010, the defendant Daniel Kim retained Brian Levy, Esq. as his counsel, and Levy immediately reached out to the plaintiff's counsel by telephone and by letter in an effort to obtain an extension of time to respond to the complaint. His request was denied. On November 22, 2010, the clerk noted the defaults of the defendants for failure to respond to the complaint. On December 3, 2010, Levy filed a notice of appearance on behalf of Daniel Kim and moved to set aside the default.

### A. THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

"It is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001), *quoting Shah v. N.Y. State Department of Civil Services*, 168 F. 3d 610, 615 (2d Cir. 1999) (internal quotations omitted). When deciding whether to enter default the court considers various factors, including (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay; (5) whether the grounds for default are clearly established; (6) whether the default was caused by a good-faith mistake

or excusable neglect; (7) how harsh an effect default would have; and (8) whether the court believes it later would be obligated to set aside the default on defendant's motion. *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d at 281, *citing* Moore's Federal Practice § 55.03{2}{b} (3d ed. 1999); *accord Feeley v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999); *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (approving district court's use of the factors cited in Moore's Federal Practice).

As to the defendant Daniel Kim, because I recommend below that the clerk's entry of default be set aside, the grounds for entry of a default judgment disappear. As to the defendant Yogi's II, there is a substantial question as to whether service has been effectuated. Although the summons in this case lists the address of Yogi's II as 799 Abbott Blvd., Fort Lee, New Jersey, there is no indication that service was ever made (or even attempted) at that address. Rather, the plaintiff contends service was made on Yogi's II by service on Daniel Kim at his address, on the theory that Daniel Kim is an owner of Yogi's II. Daniel Kim, however, has submitted an affidavit denying any ownership interest in Yogi's II. In addition, the plaintiff's own papers in opposition to Daniel Kim's motion to set aside the default include a license agreement purportedly between Yogi's II and another entity, 149th Place Roosevelt, Inc., which makes no mention of Daniel Kim; rather, the President of Yogi's II is listed as Stephen Ryu and the address as the Fort Lee address above. In view of these serious questions as to the validity of service on Yogi's II, the grounds for a default are not clearly established and there is a significant likelihood that, should the defendant Yogi's II on motion point out the above discrepancies, the court would be required to set aside any

judgment that is rendered. Accordingly, until these questions are answered satisfactorily a default judgment should not be entered.

## A. THE DEFENDANT KIM'S MOTION TO SET ASIDE THE DEFAULT

Under Rule 55(c), the court may set aside an entry of default "for good cause." The parties agree that the court must consider three factors in determining whether to set aside a default: "(1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2nd Cir. 2010) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994)). Since mere negligence does not constitute wilfulness, *e.g., Swarna*, 622 F.3d at 142 (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)), the plaintiff does not challenge the explanation that Kim did not respond timely to the complaint because he was focused on the untrue allegations of the complaint as to his involvement with Yogi's II and failed to appreciate that he needed to retain an attorney in time to respond within 21 days. Nor does the plaintiff argue that he has been prejudiced in any way by the 15-day delay in Kim's response to the complaint.[1]

Rather, the plaintiff's opposition focuses entirely on an argument that the defendant Kim lacks a meritorious defense. To meet his burden with respect to this aspect of the analysis, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *New York v.*

---

[1]The complaint was served on October 14, 2010, making the response due by November 4, 2010. The defendant Kim's attorney contacted the plaintiff's counsel immediately upon being retained on November 19, 2010, and filed this motion to set aside the default on December 3, 2010 when the plaintiff's counsel refused to accept late service of the response.

*Green*, 420 F.3d 99, 109 (2d Cir. 2005)(citing *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998)). The defendant has advanced facts in support of at least two defenses that would be complete if proven. First, in his affidavit in support Kim denies any ownership interest in Yogi's II, and has submitted a copy of the 2008 tax return of Yogi's II that supports that assertion. Second, he points out that the plaintiff may well lack standing to assert any claims concerning the trademark at issue. The plaintiff's own documents, submitted in connection with these motions, assert that ownership of the mark resides with 149th Place Roosevelt, Inc., not with the plaintiff. See Trademark License Agreement at first page, annexed as Exhibit 2 to Declaration of Chul Ho Park in Support of Plaintiff's Application for Default Judgment, Dkt. Ent. 9.[2]

The plaintiff calls into question Kim's assertion that he is not and was not an owner of Yogi's II by pointing to a trademark application filed with the U.S. Patent and Trademark Office by Yogi's II, Inc. which sought to register a mark entitled "Sik Gaek." See Trademark/Service Mark Application, annexed as Exhibit 4 to Declaration of Michael S. Kimm, Esq., Dkt. Ent. 22.[3] The application is apparently signed by Daniel Kim whose position is listed as "Owner." Although this clearly creates a factual question as to the nature and extent of the defendant Kim's involvement with, and possible ownership of, Yogi's II, it

---

[2] In a separate declaration submitted in opposition to the motion to set aside the default, Chul Ho Park avers that "some time ago" an entity he identifies as 149th Place Roosevelt New York, Inc. assigned the mark to the plaintiff. See Declaration of Chul Ho Park, Dkt. Ent. 21, ¶ 2. Park offered to produce a copy of the assignment under seal; he has as yet not done so.

[3] Exhibit 4 is not a copy of the application itself, but rather an abstract of the information contained in the application.

is hardly conclusive on the question of whether Kim has a meritorious defense. Moreover, the argument fails to address the standing defense identified by the defendant.

The Second Circuit has often stated "its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). With that in mind, and in view of the above considerations, I conclude that the defendant Kim has more than met his burden for establishing good cause to set aside the default.

## CONCLUSION

I recommend that the plaintiff's motion for a default judgment be denied, and that the defendant Daniel Kim's motion to set aside the default as to him be granted.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.),

*cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

                                                        Respectfully Recommended,

                                                  *Viktor V. Pohorelsky*

                                                  VIKTOR V. POHORELSKY
                                                  United States Magistrate Judge

Dated:     Brooklyn, New York
              March 7, 2011