UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

SIK GAEK, INC.,
               Plaintiff,

-against-

YOGI'S II, INC., AND DANIEL KIM,

               Defendants.

-------------------------------------------------------------- X

10-CV-4077 (ARR) (VVP)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

       The court has received the Report and Recommendation ("R&R") on the instant case dated February 28, 2013, from the Honorable Viktor V. Pohorelsky, United States Magistrate Judge. Dkt. #82. The R&R addresses a motion to dismiss by Daniel Kim ("defendant" or "Kim"), who argues that Sik Gaek, Inc. ("plaintiff") lacks a legally cognizable interest in the "Sik Gaek" trademark and thus lacks standing to bring its claims against defendant under § 43(a) of the Lanham Act. Dkt. #69-1. After permitting the parties to conduct limited discovery on the issue of standing, Magistrate Judge Pohorelsky recommended that Kim's motion be denied. Dkt. # 82, at 1. Given the substantial overlap between the standing and merits inquiries here, Judge Pohorelsky correctly applied the summary judgment standard in analyzing Kim's motion to dismiss. See Dkt. #82, at 3-6.

## I. BACKGROUND

       Taken in the light most favorable to plaintiff, the relevant facts are as follows. On August 1, 2005, Mr. Chul Ho Park ("Park") assigned the Sik Gaek trademark to a corporation named 149th Place Roosevelt, Inc. ("149th Place"). Dkt. #73-2. Although 149th Place was owned by Ms. Lee Kyung Chu ("Lee"), Park Depo. 30, Park served as its president, id. at 38.

1

Approximately one-and-a-half months after the assignment, Park and Lee used 149th Place to open a restaurant named Sik Gaek. Park Depo. 12-15, 20, 30-31. Sik Gaek was a Korean barbecue restaurant. See Dkt. #73-4 (menu pages for the restaurant). 149th Place officially owned and operated the restaurant, and all the requisite business licenses were held in the name of 149th Place. Park Depo. 31, 39, 48-49.

On June 11, 2007, 149th Place assigned its right to the Sik Gaek mark to plaintiff, Dkt. #73-5, which Park had incorporated shortly beforehand, id. at 42. Nonetheless, 149th Place continued to own, operate, and hold all the licenses for the Sik Gaek restaurant. Id. at 46-49. Park acknowledged in his deposition that the "only difference" after June 11, 2007 was that the Sik Gaek trademark now belonged to plaintiff. Id. at 49.

Subsequently, in 2008 or 2009, Park moved the Sik Gaek restaurant from its original location to a location on Crocheron Avenue in Queens. Id. at 45. The relocated Sik Gaek restaurant was no longer owned by 149th Place; instead, it was owned by a corporation named Swan USA, Inc. ("Swan USA"), id. at 49, which was jointly operated by Park and his wife, Park Decl. ¶ 8. Park and his wife also jointly operated a corporation named Charlie and You, Inc. ("Charlie and You"), which thereafter opened another restaurant named Sik Gaek. Id. That restaurant was located on Roosevelt Avenue in Woodside. Park Depo. 50. Both of the new Sik Gaek restaurants were, like the original Sik Gaek, Korean barbecue restaurants. Id. at 6.

## II. DISCUSSION

### A.   Kim's Objection

Although Kim has objected to the R&R, his objection is a limited one. Dkt. # 93. Defendant maintains only that the R&R overlooked his argument that the assignment of the Sik Gaek mark from 149th Place to plaintiff was an invalid "assignment-in-gross"—that is, "[a] sale

2

of a trade name or mark divorced from its goodwill," Marshak v. Green, 746 F.2d 927, 929 (2d Cir. 1984). Because plaintiff cannot have an ownership interest in the mark absent a valid assignment, Kim argues, plaintiff lacks standing to bring suit under the Lanham Act. Defendant's argument lacks merit, even upon de novo review. See Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

### 1.   Legal Standard

Pursuant to the Lanham Act, "[a] registered mark . . . shall be assignable with the good will of the business in which the mark is used, or with that part of the good will of the business connected with the use of and symbolized by the mark." 15 U.S.C. § 1060(a)(1). As the Second Circuit has explained, the rationale behind this statutory provision is that "[a] trade name or mark is merely a symbol of goodwill; it has no independent significance apart from the goodwill it symbolizes." Marshak v. Green, 746 F.2d 927, 929 (2d Cir. 1984). Section 1060 thus serves to protect consumers, because "[u]se of the mark by the assignee in connection with a different goodwill and different product would result in a fraud on the purchasing public who reasonably assume that the mark signifies the same thing." Id. Accordingly, "registered trade names or marks may not be validly assigned in gross," id.; that is, they cannot be conveyed independently of the good will that they symbolize.

That the assignment of a trademark must be accompanied by the good will it symbolizes does not, however, bar transfer of the mark independently of the underlying business. It is settled that a trademark may be validly assigned without the simultaneous transfer of any tangible assets. See, e.g., Defiance Button Machine Co. V. C & C Metal Prods. Corp., 759 F.2d 1053, 1059-62 (2d Cir. 1985). The Second Circuit has articulated two tests for determining

3

whether assignment of a mark without transfer of the underlying business involves the passing of good will. Bambu Sales, Inc. v. Sultana Crackers, Inc., 683 F. Supp. 899, 904 (E.D.N.Y. 1988). First, "courts have upheld such assignments if they find that the assignee is producing a product or performing a service substantially similar to that of the assignor and that the consumers would not be deceived or harmed." Marshak, 746 F.2d at 929; see also Defiance Button Machine Co., 759 F.2d at 1060 (explaining that the good will of a company is deemed to have been transferred if "the purchaser [is] able to 'go on in real continuity with [the] past'") (quoting Mut. Life Ins. Co. v. Menin, 115 F.2d 975, 977 (2d Cir. 1940)). Second, "[c]ourts have also upheld such assignments if there is a continuity of management." Id. at 930.

### 2. Analysis

Kim raises the affirmative defense, see, e.g., Manufacture Des Montres Jaguar, S.A. v. Jaguar Cars Ltd., No. 99CIV12002BSJFM, 2001 WL 1442611, at *1 (S.D.N.Y. Nov. 15, 2001), that assignment of the Sik Gaek mark to plaintiff was an invalid assignment-in-gross. To meet his initial burden of establishing this affirmative defense, see, e.g., Bailey v. Pataki, 708 F.3d 391, 404 (2d Cir. 2013), Kim has adduced evidence that assignment of the Sik Gaek mark to plaintiff was not accompanied by a transfer of the underlying business owned by 149th Place. On the contrary, 149th Place continued to operate its restaurant even after the assignment occurred.

Nonetheless, there is a genuine factual dispute as to whether plaintiff acquired the Sik Gaek mark along with its associated goodwill. At a minimum, plaintiff has provided evidence that "there is a continuity of management" between the assignor (149th Place) and the assignee (Sik Gaek, Inc.). Specifically, Park testified in his deposition that he was the president of 149th Place and the owner of Sik Gaek, Inc. He moreover averred that he and his wife jointly operated

Swan USA and Charlie and You, the two corporations that plaintiff authorized to open the new Sik Gaek restaurants.

In addition, the record shows that both the old and new Sik Gaek restaurants were Korean barbecue restaurants, thus supporting an inference that there was continuity between the products and services offered by the assignor and assignee. This inference is bolstered by Park's testimony that the first Sik Gaek restaurant "moved out," Park Depo. 48, of its original location to the Crocheron Avenue location, which suggests that the relocated Sik Gaek restaurant provided "substantially similar," Marshak, 746 F.2d at 929, products and services as the one operated by 149th Place, and that the main difference between the old and new restaurants was merely one of physical location.

Accordingly, there is a genuine issue of material fact as to whether the good will associated with the Sik Gaek mark was transferred along with the assignment of the mark from 149th Place to plaintiff.

## B.  Adoption of the R&R

Aside from the single objection discussed above, Kim does not object to Magistrate Judge Pohorelsky's R&R. In other words, Kim objects to what he characterized as the R&R's failure to address his assignment-in-gross argument, and does not object to the analyses that the R&R did undertake. See Dkt. # 93, at 1. I have therefore reviewed each of the analyses in the R&R for clear error on the face of the record. See Advisory Comm. Notes to Fed. R. Civ. P. 72(b); accord Brissett v. Manhattan & Bronx Surface Transit Operating Auth., No. 09-CV-1930682 (CBA) (LB), 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011). Having reviewed the record, I find no clear error. I hereby adopt the Report and Recommendation denying defendant's motion to dismiss, supplemented by the discussion above, as the opinion of the

Court pursuant to 28 U.S.C. § 636(b)(1).

### III. CONCLUSION

Based on the foregoing, defendant's motion to dismiss is denied.

SO ORDERED.

s/ ARR

Allyne R. Ross
United States District Judge

Dated: May 31, 2013
Brooklyn, New York