UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIK GAEK, INC.,

                     Plaintiff,

       - v -                              **MEMORANDUM ORDER**

YOGI'S II, INC., and DANIEL KIM,              CV-10-4077 (ARR)(VVP)

                    Defendants.
------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

        The plaintiff and the defendant Daniel Kim have each made motions addressing discovery disputes that have arisen which the court addresses below.

*The Defendant's Motion to Compel [DE 108]*

        The defendant seeks three items of relief: (1) an order compelling the plaintiff to produce documents that the plaintiff contends were previously produced; (2) an order compelling the plaintiff to produce documents responsive to Document Request No. 12 in the Kim's First Demands for Discovery as well as various other documents to which objections have been lodged; and (3) an order granting him leave to serve additional interrogatories.

        As to the documents responsive to Document Request No. 12, the plaintiff asserted that they were attached to the responses he served, but they apparently were not. The plaintiff does not dispute the defendant's assertion in that regard. The plaintiff is therefore directed to forward to the defendant the documents responsive to Document Request No. 12 forthwith.

        As to the other documents to which objections were lodged, the plaintiff's responses suggest that notwithstanding the objections that were lodged, to the extent that the plaintiff

possesses documents responsive to the requests they have already been produced. The court cannot compel a party to produce documents over which it does not have possession, custody or control. The defendant may explore the veracity of those assertions at a deposition, but the court has no basis to issue a compulsion order on the present record. To the extent that the plaintiff asserts that the documents were previously produced, the defendant's counsel (who was only recently substituted as counsel) is entitled to inspect and copy the documents. The plaintiff's counsel must make them available for that purpose promptly at a mutually convenient time.

Finally, as to the interrogatories served by the defendant, the objections on the grounds of numerosity are sustained in part. Upon review of the interrogatories, the court considers each lettered subpart to be a separate interrogatory. Accordingly, the plaintiff's objections on grounds of numerosity are sustained as to all interrogatories 3(f)-3(m), and 4 - 10. As to interrogatories 2(d) -2(j) and 3(a) - 3(e), the plaintiff shall serve responses within 20 days. As to the objections raised in the responses the plaintiff has made to date, the objections on the ground that the interrogatory "seeks information regarding transaction involving third parties," "is without knowledge, information or belief," and that "defendant has had a fair opportunity to depose Chul Ho Park" are overruled. The plaintiff is a corporation, and as such has an obligation to conduct reasonable inquiry of persons employed by or otherwise affiliated with the corporation, whether now or in the past, in order to determine facts responsive to matters involving the corporation. Accordingly, the

plaintiff is required to conduct such reasonable inquiry and provide supplemental responses to the above interrogatories within 20 days.

The defendant's request for leave to serve further interrogatories is denied.

*The Plaintiff's Motion to Compel [DE 109]*

At the outset, as the defendant has pointed out, the plaintiff's motion is untimely, although by only one day. The plaintiff offers no explanation or excuse for the failure to meet the court's deadline. In the absence of an application for excusing that failure, supported by good cause, the court declines to entertain the motion.

*The Defendant's Motion for A Protective Order [DE 112]*

This motion is untimely as well. Although the defendant's counsel asserts that chambers "directed" him to file the motion, that is incorrect. Chambers staff simply advised counsel that a motion could be made, but made no direction to that effect and offered no suggestion as to its possible outcome. A motion for a protective order on the eve of the date of a deposition provides no opportunity for a proper response or for judicial consideration and is therefore untimely.

Even if the motion had been made timely, it would have been denied. The defendant himself proposed the situs of the deposition at the Brooklyn courthouse, and the plaintiff accommodated that request. The defendant cannot now insist that the deposition be held at the offices of his counsel. The plaintiff now asks that the defendant be directed to appear at their counsel's offices in New Jersey. The court declines to enter that order. Rather, the deposition is to be held at the Brooklyn courthouse, unless the parties agree otherwise in

writing at least seven days in advance of the rescheduled deposition date.  Finally, as the plaintiff has unnecessarily incurred fees and expenses in connection with the defendant's failure to appear, the plaintiff may file a statement of those fees and expenses within seven days.  The defendant may thereafter seek to demonstrate why both the defendant and his counsel should not jointly be required to reimburse the plaintiff for those fees and expenses pursuant to Rule 37.

For the foregoing reasons,

1. The Defendant's Motion to Compel [DE 108] is granted in part and denied in part;

2. The Plaintiff's Motion to Compel [DE 109] is denied without prejudice; and

3. The Defendant's Motion for A Protective Order [DE 112] is denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         September 27, 2013